## Streeper Estate

*Bernard V. DiGiacomo,* for appellants.

*Robert Trucksess,* contra.

By JOSEPH J. CAIN, Register of Wills of Montgomery County, December 19, 1972.—Three separate applications have been made to the register seeking appointment as administrator c.t.a. of the March 12, 1969, holographic will and February 23, 1970, codicil of Norma C. Streeper who died August 9, 1972, at her home in Norristown, Montgomery County, Pa.

Neither the will nor the codicil appoints a living, presently available executor. The named executor and sole residuary beneficiary, decedent's sister, Linda

Streeper Shank, predeceased testatrix without heirs or issue and no alternate executor or residuary beneficiary is named.

It appears from the testimony, submitted at the November 8, 1972, hearing before the register, that decedent left no surviving spouse; no immediately known heirs at law who would share in the estate by intestacy; the estate is solvent and should be sufficient to pay all debts and expenses; and, probably, all of the specific legacies.

Each of the applicants fall in the same class, being named in the will, and/or codicil as beneficiaries of specific legacies in varying amounts, viz.:

Joseph L. Maszaros, $10,000 under the will, increased to $15,000 by the codicil.

Alice Cole Johnson, $5,000 under the will, reduced to $3,000 by the codicil.

Foster E. Klingaman, $2,000 under the will.

Including the above, the will and codicil contains some 15 specific bequests to certain charities and other named individuals in amounts varying from $2,000 to $15,000.

Decedent's sister, Linda Streeper Shank, named in the will was the original (residuary) beneficiary of decedent's entire estate and also named as executrix, predeceased decedent by approximately 10 days. There is testimony that decedent was considering changes to her will and codicil; however death overtook her before they could be accomplished.

There is no dispute concerning either the authenticity or the validity of the documents offered for probate. The only question is, who shall qualify for and be appointed as administrator c.t.a.

Section 305(b) of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.305(b), sets

forth the order of priority for granting letters of administration as follows:

"(b) Letters of administration. Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

"(1) Those entitled to the residuary estate under the will.

"(2) The surviving spouse.

"(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

"(4) The principal creditors of the decedent at the time of his death.

"(5) Other fit persons.

"(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding clause."

Since we have no applicants who qualify under the first four classes, our consideration turns to no. (5), other fit persons. Under this section and as to this class there is no statutory requirement of preference "according to the size of the shares," which directive does appear when considering intestate heirs under class no. (3). The register considers that the controlling determination should be selection of that party who will best administer the estate and, under the circumstances of this case, that any claimed preference based on the difference in amount of the specific legacies bequeathed to the parties in the same class is not the essentially important principle.

Upon careful and thorough review and consideration of all testimony submitted at the register's hearing, and after review of the briefs filed by counsel for the parties, the register is of the opinion and finds that Alice Cole Johnson, a neighbor and friend who throughout the years performed many services for the decedent, is the person who will best administer the estate, and the register, therefore, enters the following

## ORDER

Now, December 19, 1972, upon her appearance and qualification before the register, letters of administration, c.t.a. will be issued to Alice Cole Johnson for probate of the will and codicil and the administration of the Estate of Norma C. Streeper, Deceased.

## ORDER

By TAXIS, P. J.: And now, May 31, 1973, after review of the record and the decision of the register of wills, the court is satisfied that the register has appointed a fit person as administrator c.t.a. according to the requirements of section 3155(b)(5) of the Probate, Estates and Fiduciaries Code, and the court finds no abuse of discretion by the register. The court finds further that the provisions of section 3155(b)(3) do not apply because section 3155(b)(3) deals with an actual intestacy where the size of the share of heirs would be a factor for consideration. However, there is a holographic will in this case, and Joseph A. Meszaros is not an intestate heir. The appeal of Joseph A. Meszaros from the decree of the register of wills dated December 19, 1972, is, therefore, dismissed.